UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:12-CR-00232-SB-9 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | SENTENCING MEMO |
| ROCKY CREEL | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## BACKGROUND

The Defendant, Rocky Creel, was a star football player for his high school. During his senior year, he seriously injured his knee and his football career ended. The injury to his knee has always been a source of pain and problems for Rocky. After his injury, he did not complete high school and has had ongoing problems with his knee. His knee continues to cause problems for him. His addiction to prescription medications started with that knee injury. Rocky has struggled with addiction since his injury. Rocky got caught up with this crack conspiracy in exchange for prescription medication. His guideline range, using the one to one ratio, is 12 to 18 months. Rocky has spent approximately 7 months in jail. He is remorseful for his actions.

## 18 U.S.C. § 3553 FACTORS

The court, in determining the particular sentence to be imposed, shall consider-

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed-

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentence and the sentencing range established for-

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1)of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

5. Any pertinent policy statement-

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

6. the need to avoid unwarranted sentence disparities amount defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

Under the 18 U.S.C. § 3553 factors, a sentence of time served would be appropriate. Mr. Creel has learned his lesson. Mr. Creels' interaction with the conspiracy was driven by his addiction. Mr. Creel needs treatment, not incarceration. The time he has served in jail has been a strong deterrent and punishment for Mr. Creel.

Respectfully requested,

        s/J. Joseph Condon, Jr.
        3842-C Leeds Avenue
        North Charleston, SC  29405
        (843) 554-1000

        Attorney for the Defendant Rocky Creel

April 25, 2014
North Charleston, South Carolina