IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 2:12-0232-SB-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN LOUIS BALLARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT BALLARD'S
MOTION TO SEVER COUNTS**

Defendant Ballard submits the following as and for his Motion to Sever Counts 1 and 6 (alleging a drug trafficking conspiracy and possession of a firearm in furtherance of the conspiracy) from Counts 8, 9, 10, and 11 (alleging attempted murder of a witness and possession of a firearm in furtherance of the alleged murder plot) pursuant to Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure. For the following reasons, these Counts should not be joined, and should be severed and tried separately. Should the Court be unable to order severance based on the indictments, Defendant Ballard requests that the Government be required to proffer evidence showing that the two sets of crimes should be tried together. If it cannot do so, the Counts must be severed.

On March 14, 2012, the Government filed the Indictment (Docket Entry ("DE") 1) charging Defendant Ballard in Count 1 with conspiracy to traffic cocaine from "at least in or around January 2011" continuing "up to and including the date of this Indictment." On September 12, 2012, the Government filed the Superseding Indictment (DE 541), adding Count 6, charging Defendant Ballard with the possession and use of a firearm "on or about March 19, 2012" in furtherance of a drug trafficking crime. On February 25, 2014, the Government filed

1

the Second Superseding Indictment (DE 892), restating Count 1 but extending the alleged conspiracy "up to and including the date of this Third Superseding Indictment"; restating Count 6; and adding the following new charges: (a) attempted murder of a witness "on or about June 6, 2013" to prevent his attendance and testimony (Count 8); (b) attempted murder of a witness "on or about June 6, 2013" in retaliation for the witness providing information to law enforcement (Count 9); (c) conspiracy to use a firearm in furtherance of drug trafficking "beginning at least in May 2013" and continuing "up to and including the date of this Second Superseding Indictment" (Count 10); (d) use of a firearm "on or about June 6, 2013" in furtherance of a drug trafficking crime and attempted murder, and aiding and abetting another in such offenses (Count 11); and (e) Forfeiture of funds and assets.  On March 11, 2014, the Government filed the Third Superseding Indictment (DE 933) containing no changes that are relevant here.

In short, almost two years after the first indictment was filed, the Government added a new set of allegations about the attempted murder of a witness, and extended the end date of the Count 1 conspiracy to make these disparate crimes fit together.  The Court should reject the Government's attempts to join these crimes, and order that Counts 1 and 6 be tried separately from Counts 8, 9, 10 and 11.

1.     Joinder was Improper Under Rule 8(a), Fed. R. Civ. P.

Rule 8(a) of the Federal Rules of Criminal Procedure permits the Government to "charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . [1] are of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan."  The first prong is satisfied if the crimes charged are "'[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'"  United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980) (quoting Webster's New International Dictionary (2d ed.)).  Here, the drug conspiracy and related

2

weapons count (Counts 1 and 6) do not nearly correspond with or resemble, are not somewhat alike, and do not have a general likeness to the alleged plot to murder a witness (Counts 8, 9, 10 and 11).  A drug trafficking conspiracy is distinct from a witness-murder plot—they are not the same or similar.  Thus, joinder cannot be upheld under the first prong of Rule 8(a).

The second two prongs of Rule 8(a) are satisfied if the counts have a "logical relationship" to each other, which exists "when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise."  United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005).  Joinder is appropriate under the second two prongs "where 'the events pertaining to each [crime are] inextricably tied to the others.'"  Id. (quoting 1A Charles Alan Wright, Federal Practice and Procedure § 143 (3d ed. 1999)).  The Court must not permit joinder of unrelated charges because "unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense."  Cardwell, 433 F.3d at 385.

Here, there is no connection sufficient to permit joinder of the drug conspiracy and weapons counts with the counts alleging a plot to kill a witness stated in a superseding indictment almost two years later.  The Government may argue that by extending the end date of the conspiracy to the date each indictment was issued, the conspiracy was connected to the witness-murder plot.  The Government should not be permitted to bootstrap the later charges to the earlier one by changing the conspiracy dates in the indictment.  There is no "inextricable tie" between the two sets of counts other than the one manufactured by the Government.  The Court therefore should sever the counts as improperly joined under Rule 8(a).

2.  <u>Even if Joinder did not Violate Rule 8(a), Fed. R. Civ. P., the Counts Should be Severed Under Rule 14(a) Because Joinder Prejudices Defendant Ballard.</u>

Rule 14(a) of the Federal Rules of Criminal Procedure states in relevant part that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts." Counts may be properly joined under Rule 8(a), but severed because of prejudice under Rule 14(a). <u>Cardwell</u>, 433 F.3d at 387. Counts must be severed upon a finding that trying them together would cause "actual prejudice" to the defendant. <u>United States v. Blair</u>, 661 F.3d 755, 770 (4th Cir. 2011). However, "[p]rejudice is not limited to a showing of irrevocable damage, certain to occur, and impossible to overcome. Prejudice may also lie in shouldering substantial risk that a situation will not be remedied." <u>Garris v. United States</u>, 418 F.2d 467, 470 (D.C. Cir. 1969). Further, in determining whether to sever, "the trial judge must weigh the likelihood of prejudice against the interests of judicial economy." E.g., <u>United States v. Morris</u>, 647 F.2d 568, 570 (5th Cir. 1981).

Here, the Government intends to put up a case showing that Defendant Ballard is guilty of being involved in a drug trafficking conspiracy and possessing a weapon in furtherance of the trafficking, and then also a case that Defendant Ballard and others attempted to murder a witness to the trafficking-related facts. The first case alleges that Defendant Ballard broke the law, but the second case goes further and is of a much more inflammatory character. It alleges that he broke the law in the face of a federal criminal indictment and in order to undermine the prosecutorial and judicial mechanisms. It is one thing for the Government to argue that Defendant Ballard is a drug dealer, but quite another to argue that he is a violent drug dealer who tried to kill a witness. The second set of allegations of more egregious crimes will taint a jury's view as to the first, causing actual prejudice to Defendant Ballard. On the other hand, if the trafficking counts are tried first, the risk of a jury tainted by the witness-related counts is

4

eliminated. And while separate trials will require the empaneling of two different juries, the number of trial days required should not materially increase as these are two distinct sets of crimes occurring two years apart, with two distinct sets of evidence that may be submitted on consecutive days during the same trial, or on the same number of days over the course of two trials. Thus severance will not undermine judicial economy. The prejudice of joinder here far outweighs any minimal increase in time required to try two cases. See United States v. Velasquez, 772 F.2d 1348, 1355 (7th Cir. 1985) (finding misjoinder because "[t]he prejudice was substantial, and the offsetting economies from a joint trial virtually nil, since there were no factual links between the two sets of charges").

## CONCLUSION

For the reasons stated above, the Court should sever Counts 1 and 6, alleging a drug trafficking conspiracy and possession of a firearm in furtherance of the conspiracy, from Counts 8, 9, 10, and 11, alleging attempted murder of a witness and possession of a firearm in furtherance of the alleged murder plot, first because they were misjoined in violation of Rule 8(a), Fed R. Crim. P., and second because the prejudice from trying the two sets of counts together outweighs any consideration of judicial economy under Rule 14(a). At the very least, should the Court be unable to order severance based on the indictments, it should require the Government to proffer whatever evidence it has connecting Defendant Ballard to both sets of counts, as well as each set of counts to the other. See, e.g., United States v. Hackley, No. 5:09CR00018, 2009 U.S. Dist. LEXIS 99051, at *4 (W.D. Va. Oct. 15, 2009) (noting that a court considering a motion to sever may require the Government to proffer facts supporting joinder). If the Government cannot proffer evidence of a sufficient link, severance should be ordered.

Respectfully submitted,

URICCHIO, HOWE, KRELL, JACOBSON,
TOPOREK, THEOS & KEITH, P.A.

<u>/s/ Jerry N. Theos</u>
Jerry N. Theos (Fed. ID # 4055)
17 ½ Broad Street, P.O. Box 399
Charleston, S.C. 29402-0399
Tel.: 843-723-7491; Fax: 843-577-4179
E-Mail: jerry@uricchio.com

ATTORNEYS FOR DEFENDANT
MARTIN LOUIS BALLARD

Charleston, South Carolina

August 4, 2014

6