IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:12-0232 |
| | ) | |
| vs. | ) | |
| | ) | **Government's Memorandum in** |
| **ANTHONY TERRANCE JERRY DAVIS,** | ) | **Response to Defendant's Motion** |
| a/k/a "Shrimp," | ) | **for Release** |
| a/k/a "Boogaloo," | ) | |
| a/k/a "Buggy" | ) | |

## I. *Summary of Charges (Fourth Superseding Indictment)*

The defendant is now charged in a Fourth Superseding Indictment with one count of violating 21 U.S.C. §846, one count of conspiracy to use interstate commerce facilities in the commission of murder for hire in violation of 18 U.S.C. §1958(a); one count of using interstate commerce facilities in the commission of murder for hire in violation of 18 U.S.C §1958(a) and §2; two counts of obstructing justice in violation of 18 U.S.C. 1512(a)(1)(A) and §1513(a)(1)(B) and §2; on count of conspiracy in violation of 18 U.S.C. §924(o) and one count of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(iii) and §2. On this count, the defendant faces a mandatory minimum sentence of ten (10) years consecutive to each and every other count, and a maximum of life in prison.

## II. *Representation of Parties*

The defendant is represented by Cameron L. Marshall, Esquire. The government is represented by Assistant United States Attorney Sean Kittrell. The investigators in this case include Special Agent John Schroepfer of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; Special Agent Steven Migioia (retired) of the Drug Enforcement Administration;

Special Agent Johnny Evans of the South Carolina Law Enforcement Division; and Detective Hershal Tanner of the Dorchester County Sheriff's Office.

### III.     *Government's Opposition to Defendant's Motion for Release Pending Trial*

The defendant was detained after a contested hearing before the Honorable Wallace W Dixon, Magistrate Judge for the District of South Carolina on June 26, 2014 (Docket Entry #1169).  Witness testimony was heard by the Court.[1]  Earlier, on March 25, 2014, facts concerning the investigation were presented to the Honorable Bristow Marchant.  (Docket Entry #1324).  The Defendant seeks to revisit that decision by Judge Wallace by requesting to be released pending trial.[2]  Pursuant to Title 18, United States Code, Section 3142(f), that first hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person."

Under this section, a defendant must establish that information now exists that was not known to defendant at the time of the initial hearing and show that the new information is material to release conditions regarding flight or dangerousness. *See, United States v. Hare*, 873 F.2d 796 (5th Cir.1989).  A review of the motion filed by the defendant through his attorney does not establish any change of circumstance sufficient to justify reopening the hearing.  In fact, the only circumstance which has transpired since that first hearing is the addition of new charges to the indictment.  Therefore, the government respectfully submits that there exists no basis for a motion to reopen the issue relative to bail.  The primary ground asserted by the

---

[1] The transcript of this hearing has been ordered by the government.
[2] The transcript is incorporated by reference.

Defendant was the fact that the case was continued and that therefore his potential length of detention was increased prior to the resolution of the case by trial.[3]  This is not a ground for a new hearing and therefore has no bearing on the factors to be considered by the court.  This is because the length of defendant's current or potential future detention while detained are not material to issue of risk of flight or dangerousness. *United States v. Hare*, 873 F.2d 796 (5th Cir.1989); *United States v. Gotti*, 776 F. Supp. 666 (E.D. N.Y. 1991).  See also *United States v. Salerno*, 481 U.S. 739, 744-45 (1987).  When making a determination regarding the eligibility of a defendant for pretrial release the judicial officer, under the statute, must consider the factors listed in Section 3142(g), including: the nature and circumstances of the offense (in particular whether it is, like in this case, a violent offense); the weight of the evidence (in this case, strong), and the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.  See 18 U.S.C. § 3142(g).  As this case involves the attempted murder of a federal witness[4], any release would increase the level of danger to potential witnesses.

The Defendant also asserts that there is a voluminous amount of discovery and that his continued presence in the jail limits his ability to prepare for trial.  This is not a sufficient ground for release or to rebut the dangerousness S*ee United States v. MacFarlane*, 759 F. Supp. 1163, 1167 (W.D. Pa. 1991) (denying § 3142(i) motion, noting that "defendant failed to set forth any compelling or otherwise persuasive justification to support his position for a limited release vis-à-vis trial preparation").

---

[3] An unusually long length of pretrial detention may indicate a denial of due process in certain circumstances. *United States v. Gonzales Claudio,* 806 F.2d 334, 341 (2d Cir. 1986) ; *United States v. Melendez Carrion*, 820 F.2d 56 (2d Cir. 1987); *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993); *United States v. O'Neill,* 52 F. Supp. 2d 954, 960 (E.D. Wis. 1999).  However, here there has been allegation of abuse of process by the government and a trial date has been set.

[4] The witness, Ivory Brothers, was shot between 5 and  10 times, but lived.

Finally, Judge Dixon made a factual finding, based on the testimony, and under a clear and convincing standard, that there is no condition or combination of conditions that can reasonably assure the safety of the community if the Defendant is released. See, Order of Detention (filed June 27, 2014 Entry #1170). This was based on testimony presented during the hearing which established that the Defendant was a participant in a scheme to kill a federal witness. Nothing has been shown by the Defendant which rebuts the presumption found in 18 U.S.C. §3142. *See United States v. Tyson*, 2011 WL 4443253 (E.D.N.C. Sept.23, 2011).

### IV.  *Conclusion*

The government respectfully requests that the Order previously entered not be amended. The defendant has not shown any change of circumstance and cannot reopen the matter. Further, he remains a danger to the community. The victims and witnesses in this case are concerned for their safety and would be in fear of their lives if he were to be released.

The government reserves the right to amend or supplement this memorandum.

Respectfully Submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By: s/ *Sean Kittrell*
Sean Kittrell (#6032)
151 Meeting Street, Suite 200
Charleston, South Carolina 29401

Charleston, South Carolina
January 14, 2015