IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO.: 2:12-00232 |
| | ) | |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | FOR A NON-GUIDELINES |
| NORMAN ROBINSON, | ) | SENTENCE |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## Introduction

Defendant, Norman Robinson, by and through his undersigned attorney, hereby submits, for the Court's consideration, this Motion for a Non-Guidelines Sentence. For the reasons set forth below, Mr. Robinson respectfully requests that the Court grant his motion and sentence him to a term of incarceration that is below the Sentencing Guidelines range as determined in the presentence report.

## Procedural History

Mr. Robinson is the sole defendant named in a one count Information filed in the District of South Carolina on September 11, 2014, charging that on or about October 6, 2011, in the District of South Carolina, Mr. Robinson knowingly and intentionally used a telephone to facilitate the commission of a felony under the Controlled Substances Act, to wit: possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1(C). All in violation of Title 21, United States Code, Section 843(b).

Mr. Robinson was previously named in a multi-defendant, multi-count Superseding Indictment filed in the District of South Carolina on September 12, 2012.

On September 11, 2014, the defendant, accompanied by his undersigned attorney, appeared before the Honorable Sol Blatt, Jr., and pled guilty to the aforementioned Information, pursuant to the terms of a written plea agreement.

After a presentence investigation, Mr. Robinson, with a criminal history category of VI, and total offense level of 21, is facing a guidelines sentencing range for imprisonment of 77 to 96 months.  The only pending objection to the presentence report is the amount of cocaine attributed to Mr. Robinson, who hopes to have this issue resolved prior to the sentencing hearing.

### Goals of Sentencing

Title 18 U.S.C. § 3553(a) compels application of a more equitable sentencing scheme.  In determining the sentence to be imposed, a district court must consider the advisory Guidelines range and sentencing factors set out in Section 3553(a).  *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006).  In sentencing a defendant, district courts are mandated to impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing.  *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)

The "goals" of sentencing set forth in Section 3553 (a)(2) are: 1) retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment); 2) deterrence (to deter other individuals from committing similar crimes); 3) incapacitation (to protect the public from further crimes by the defendant); and 4) rehabilitation (to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner).  The sufficient-but-not-greater-than-necessary requirement is not simply another "factor" to

be considered along with the others set forth in Section 3553(a).  Rather, the sufficient-but-not-greater-than-necessary requirement sets an independent limit on the sentence a court should impose.

Because the Sentencing Guidelines were made advisory by the United State Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), District Court Judges have a renewed, virtually unlimited, ability to consider facts relevant to the Section 3553(a) factors in fashioning a sentence.  *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007)

### Personal

Mr. Robinson is currently twenty-nine years old.  He was born on October 16, 1985, in Charleston, South Carolina, to the parental union of Norman and Linda Robinson, who were divorced in 1992.  His father resides in Alvin, South Carolina, and receives disability as a result of a traumatic car accident which happened in about 1999.  His mother also receives disability as a result of a car accident in 1986.  Mr. Robinson is the younger of two children born to this union:  a sister, Stacy Robinson, 33, resides with, and cares for, their mother.  Robinson reported a close relationship with his family.  His father drank excessively and was physically abusive to his wife, his son and his daughter while the defendant was growing up.  This situation ended after the divorce in 1992, after which Robinson was raised by his mother.

The defendant is single, having never married, with two children from two relationships.  Aniya Robinson, 10, was born to a relationship with Candace Carter.  Aniya resides with Ms. Carter in St. Stephens, South Carolina.  Damari Simmons, 3, was born to a relationship with Kendra Simmons; Robinson and Ms. Simmons have

3

been in a relationship since 2010.  Damari resides with Ms. Simmons in North Charleston, South Carolina.  Robinson stated that he is not required to pay any Court-ordered child support; however, he provided financial assistance for his children, prior to his arrest.

Robinson last resided at 208 Yvonne Circle, Ladson, South Carolina.  Before that, he resided with his mother and sister at 100 Musket Lane, Summerville, South Carolina.  Other than the four months in 2004 when he was a employed as a contractor in Kuwait, Robinson has resided in South Carolina.  His U.S. passport expired in July, 2014.

The defendant made his initial appearance on March 22, 2012, before the Honorable Bristow Marchant, United States Magistrate Judge, and was ordered detained.  On May 2, 2013, a bond reconsideration was held before the Honorable Bristow Marchant, and he was released on a $25,000 unsecured bond with the standard conditions of pretrial release, in addition to home detention with location monitoring.

On October 31, 2013, Mr. Robinson tested positive for marijuana.  He was referred for substance abuse treatment and successfully completed the program in July, 2014.  On December 8, 2014, the defendant was terminated from his job with Starks Truss, because of poor attendance.  He failed to notify the probation officer and continued to leave his residence as if attending employment until December 23, 2014, when the probation officer learned of his termination.  He was arrested on a bond violation warrant on January 12, 2015; bond was revoked.

Mr. Robinson first used marijuana at the age of 10, and last used this drug in

4

October, 2013, while on bond.  He smoked marijuana approximately twice a day prior to his arrest, but used no other illegal drug.  Mr. Robinson reported that he consumed alcoholic beverages on a social basis.  All urinalyses but one (October 31, 2013, which was positive for marijuana) were negative for illegal substances.

In 2009-2010, Mr. Robinson received substance abuse counseling in the South Carolina Department of Corrections.  He successfully completed the PIER substance abuse program at the Charleston County Detention Center in October, 2012.  Upon his release on bond, he attended substance abuse counseling at the Charleston Center for eight weeks, 10 treatment sessions at the Kennedy Center, and then completed a twelve week program at the Dorchester County Alcohol and Substance Abuse Commission in July, 2014.

Mr. Robinson attended Timberland High School in St. Stephens, South Carolina, until being expelled in the tenth grade.  He later received his GED while he was incarcerated at the South Carolina Department of Corrections (SCDC) at Turbeville, South Carolina, in 2010.  As noted in the presentence report, Mr. Robinson completed his Adult Education I on May 18, 2010, by achieving his GED.

**Downward Departure or Variance**

Mr. Robinson agreed to cooperate in March, 2012, in the case which culminated in the trial of Martin Ballard in May, 2015.  He was debriefed on several occasions by members of the Drug Task Force.  His cooperation, upon information and belief, provided truthful material that was of substantial assistance to the government, as is evidenced by the fact that he was called by the government and testified in the Ballard trial.

5

Prior to being charged in the Ballard case, Mr. Robinson voluntarily waived his *Miranda* rights and, at his request, was interviewed regarding drug traffickers in the Charleston area.  This is the interview referred to in paragraph 13 on page 5 of the presentence report.  After being charged in the Ballard case, Mr. Robinson was interviewed three additional times, pursuant to a proffer agreement.

In Mr. Robinson's situation, the Guidelines offense level, as it is currently computed in the presentence report, leads to a disproportionately longer sentence than is necessary, that is, 77 months to 96 months, or 6 years, 5 months to 8 years.

He  has acknowledged his involvement in very serious and extensive criminal activity, and cooperated with the Government prior to, and subsequent to signing a proffer.

## Sentencing

Mr. Robinson's actions and changes in his personal life style are clear evidence that he is not a danger to the public, does not need to be incapacitated, and has come a long way toward rehabilitating himself.  A sentence of substantially less than 77 months would reflect the seriousness of the offense, promote respect for the law, and provide a just punishment for Mr. Robinson, in addition to deterring other individuals from committing similar crimes.  It is a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing.

## Conclusion

For the reasons stated above, defendant Norman Robinson respectfully requests that the Court grant his motion for a non-guidelines sentence that is substantially less

6

than 77 months.

Respectfully submitted,

s/G. Wells Dickson,  Jr.

**G. WELLS DICKSON, JR.**
Wells Dickson, P.A.
Attorney at Law
124 S. Academy Street
Post Office Box 819
Kingstree, South Carolina 29556
(843) 354-5519
chas@wellsdickson.com
FEDERAL IDN:  538
ATTORNEY FOR THE DEFENDANT,
NORMAN ROBINSON

Kingstree, South Carolina
July 14, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused one true copy of the written document to be served in the above-captioned case, via the court's e-noticing system, but if that means failed, then by regular mail, on all parties of record.

s/ G. Wells Dickson, Jr.
G. Wells Dickson, Jr.