IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:12-0232 |
| | ) | |
| -versus- | ) | **Government's Motion for Upward** |
| | ) | **Variance and Departure** |
| | ) | |
| **JIMMIE HARRIS,** | ) | |
|   a/k/a "Black" | ) | |
| | ) | |

    The United States of America, through its Assistant United States Attorneys, Sean Kittrell and Jay Richardson and Special Assistant United States Attorney Peter Phillips, respectfully requests that the Court impose a sentence above the advisory Sentencing Guideline range as determined by the Court. The parties agreed in the plea agreement to a minimum of 480 months and the PSR's calculated guideline range is 292-360 PLUS a consecutive 120 months for a total of 412-480 months. The plea agreement's minimum of 480 months fails to fully reflect the seriousness of the offense, provide just punishment, protect the public from future crimes by Harris, avoid unwarranted disparities, and reflect the terrible history and characteristics of Harris. Thus, the Government requests that, by variance or departure, this Court sentence Harris above the 480 month sentencing floor.

    The United States of America moves this Court for an upward variance.  In the unique circumstances of this case, the sentencing guideline calculation failed to take into consideration full array of aggravating circumstances, such that in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), a higher sentence is warranted.

    a.    18 U.S.C. § 3553(a)(2)(A): (The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment).  In shooting the cooperating victim ten times with two handguns, Harris attempted to commit one the most serious crimes imaginable, attacking not

1

       only the victim but directly targeting the judicial and law enforcement system itself. Shooting a federal witness threatens the very heart of justice as testimony forms the basis of determining truth and ascertaining guilt. Harris's brazen and targeted attack resulted in life-changing wounds to the victim's neck, chest, abdomen and thigh by Jimmie Harris. After spending time in intensive care, he continues to have permanent and life-threatening injuries, with a bullet still lodged in his neck.

b.     18 U.S.C. § 3553(a)(2)(B): (The need for the sentence imposed to afford adequate deterrence to criminal conduct). This is a general deterrence provision. *See United States v. Shortt*, 485 F.3d 243 (4th Cir. 2007). The idea is that potential criminals are deterred from specific types of crimes if they fear certain and predicable punishment. Because this was a case involving obstruction of justice through a violent and vicious attempt to eliminate a federal witness by killing him, it is appropriate to impose a significant sentence to act as a deterrent for others who may wish to protect themselves from federal prosecution and sentencing.

c.     18 U.S.C. § 3553(a)(2)(C): (The need for the sentence imposed to protect the public from further crimes of the defendant). This provision addresses the concept of specific deterrence. The criminal history exhibited by this defendant in this case strongly suggests that he is a recidivist offender. In this case, the defendant has an extensive record or arrests and dispositions for juvenile offenses, a number of which involve acts of violence (simple assault and battery, numerous times and simple assault and battery on school employees; disorderly conduct; disturbing schools, damaging vehicles). One also involves an unlawful possession of a pistol charge. His record began when he was nine years of age and he was arrested fifteen times between then and when he became fourteen. He has a conviction for assault and battery with intent to kill as an adult, for shooting a victim in the head. When he committed the offense to which he pled guilty in this case, he was under a criminal justice sentence. He also has pending charges or cases for shooting at police officers on March 20, 2014 in Mecklenburg County, North Carolina, an incident which occurred after the attempted murder in this instant case. He also has pending cases for attempted murder based on two incidents which happened on January 1, 2014. With his criminal past and his personal characteristics, including a complete lack of inclination to work at any lawful occupation, he is at high risk to reoffend, necessitating a long sentence to protect the public.

d.     18 U.S.C. § 3553(a)(6): (The need for the sentence imposed to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct). The defendant has been convicted of a crime for which similarly situated individuals have received significant sentences.

e.     18 U.S.C. §3553(a)(1) (the nature and circumstances of the offense and the characteristics of the Defendant). Under this provision, a substantial sentence is

    appropriate, based on the discussion above. The outlined facts above, and the PSR, show the seriousness of the crimes he was convicted of committing, the serious criminal history, and the violent offense for which he has been charged but not yet convicted. A review of those prior convictions and the still-pending charges reflect that Harris is among the worst of the worst – a career criminal intent on violence.

 f. It is also important to protect the public from further crimes of the defendant (specific deterrence) (§3553(a)(2)(C). In this case, it is apparent that the Defendant is violent and dangerous. Further, a substantial sentence is proper to reflect the Guidelines and policy statements (§3553(a)(4)(A)). *See, e.g.*, §4A1.3 (Upward Departures) (under-representation of criminal history category); §4A1.3(a)(4)(A) (Upward Departures) (a court is to determine the extent of an upward departure by using the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant); §5H1.8 (Criminal History); §5H1.9 (Dependence Upon Criminal Activity for a Livelihood); §5K2.0 (Upward Departures) (out of the heartland cases). For these reasons, the policy statements and application notes militate in favor of a strong sentence in this case.

The United States of America further moves this Court for an upward departure, justifying a sentence above the advisory Sentencing Guideline range as determined by the Court, based on specific provisions of the Guidelines that take account of the fact that the guideline calculation fails to properly account for the defendant's criminal history category and that therefore a higher sentence is appropriate. See §4A1.3 (Upward Departures) (under-representation of criminal history category); §4A1.3(a)(4)(A) (Upward Departures) (a court is to determine the extent of an upward departure by using the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant); §5H1.8 (Criminal History); §5H1.9 (Dependence Upon Criminal Activity for a Livelihood); §5K2.0 (Upward Departures) (out of the heartland cases). Under these provisions, the Guidelines, and its policy statements and application notes, militate in favor of a strong sentence in this case.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By: S/*Sean Kittrell*
Sean Kittrell (#6032)
Julius N. Richardson (#9823)
Assistant United States Attorneys
Peter T. Phillips
Special Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina, 29402

Sean.Kittrell@usdoj.gov
(843) 727-4381

Charleston, South Carolina
October 9, 2015

4